MARY K. KARLSON, administratrix, *vs.* CITY OF BROCKTON.

Plymouth.     March 19, 1909. — May 21, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Employer's liability.

In an action by an administrator against the employer of his intestate for causing his death by reason of a defective maul with which a fellow workman of the intestate was driving into the ground a stake that the intestate was holding for him, where the plaintiff's theory of the accident is that the maul struck the stake squarely and then glanced off and hit the intestate in the head, evidence, that the metal band around the head of the maul was flush with the end, or, if it was not, that the wood was in some places frayed and sticking out, does not tend to show that the injury was caused by the negligence of the defendant, as neither of these things would make the maul glance off after it was landed fairly on the head of the stake.

TORT under the employers' liability act for the death of the plaintiff's intestate on July 14, 1903, from injuries received by him while in the employ of the defendant by being struck in the head by a maul or mallet alleged to have been defective, with which one Scott, a fellow employee of the intestate, was driving

into the ground a stake that the intestate was holding for him. Writ dated April 29, 1904.

In the Superior Court the case was tried before *Schofield,* J. The work, in which the intestate was employed as a laborer, was being done by the city of Brockton in increasing its water supply at Silver Lake under the authority given by St. 1899, c. 356, and St. 1902, c. 461.

One Dr. Dacey, the physician who attended the plaintiff's intestate from the day he received his injury until the time of his death, after having qualified as an expert, testified in substance that if the maul or mallet had struck the plaintiff's intestate directly it would have crushed his skull; that there was no depression of the bone, and that the wound was a linear fracture about an inch and a half in length; that it appeared to have been cut with a sharp instrument; that a maul like those exhibited could not have caused the wound; that a maul so worn on either side that the wood was worn away flush with the metal rim on the maul would produce the sort of injury found upon the head of the plaintiff's intestate, if the blow struck had been glancing, but that a direct blow, even with such a maul, would not have caused such injury; that something must have spent the force of the blow before it struck the plaintiff's intestate.

Mary K. Karlson, the plaintiff, testified that she saw a maul upon the ground at the well where the accident occurred, and that the iron ring was near the end of the maul and in some places rags or frayed wood was sticking out, and in some no rags at all, but just a clear iron ring right near it.

One Thornell, who was in charge of the work at the time, testified that he took the maul which hit the plaintiff's intestate and threw it off on the bank; and that he saw the maul then on the ground by the well after the accident.

Scott testified that the maul used at the time of the accident had been used five or six weeks; that the maul was one of three exhibited in court.

The defendant called witnesses who described the accident as stated in the opinion.

At the close of the evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*R. G. Kilduff & C. H. Johnson,* for the plaintiff.

*W. G. Rowe,* for the defendant.

LORING, J. We understand that the sole contention made by the plaintiff is that the testimony of the physician warranted a finding that the maul or mallet must have hit the stake and then glanced off and hit the plaintiff in the head. Two witnesses called by the defendant testified that the plaintiff's head got in the line of the sweep of the maul as it descended on to the top of the stake ; that the maul hit the plaintiff a glancing blow and then hit the stake. Assuming, however, that in spite of this testimony the physician's testimony warranted the other finding, there is no evidence that the glancing off of the maul after it struck the stake was caused by the condition of the head of the maul. All that could be found was either that the metal band around the head of the maul was flush with the end or head, or that it was not and the wood on the side was frayed. Neither would cause the maul to glance off after it was landed fairly on the head of the stake. For that reason there was no evidence that the injury was caused by the negligence of the defendant.

*Exceptions overruled.*